IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MEDOFF, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MINKA LIGHTING, LLC,<br><br>Defendant | Case No. 2:22-CV-08885-HDV (PVCx)<br><br>[Proposed] Order Granting Plaintiff's Motion for Final Approval of Class Action Settlement [64]<br><br>Hon. Hernán D. Vera |

This matter having come before the Court on Plaintiff's motion for an Order finally approving a settlement (the "Settlement") between Plaintiff Mark Medoff ("Plaintiff"), individually and on behalf of the proposed Settlement Class, and Defendant Minka Lighting, LLC ("Minka" or "Defendant") and the Court having held a fairness hearing on June 13, 2024 and having reviewed Plaintiff's Motion for Final Approval of Class Action Settlement in accordance with Federal Rule of Civil Procedure 23, the Settlement Agreement and release which embodies the Settlement and has been executed by the parties, as well as the attachments thereto (collectively, the "Settlement Agreement") and the parties thereto having consented to the entry of this Order (Capitalized terms below are as defined in the Settlement Agreement);

**IT IS ON THIS** 21st day of June 2024, hereby **ORDERED** as follows:

1. Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement is **GRANTED**.

2. This Order incorporates by reference the Settlement (including its exhibits), as well as the Court's order certifying the proposed Settlement Class and preliminarily approving

the Settlement (ECF No. 59).

3. The Court has personal jurisdiction over Plaintiff and the Settlement Class members and has subject matter jurisdiction over this action.

4. The Court previously certified for settlement purposes a class defined as follows:

> All individuals residing in the United States whose personal information was compromised in the Data Security Incidents that affected Minka Lighting, LLC from approximately December 16, 2021–April 5, 2022 and June 27, 2022–June 29, 2022.

This Order incorporates the findings in support of class certification by reference.

5. The Court finds that Notice has been given to the Settlement Class in the manner directed by the Court in the Preliminary Approval Order. The Court finds that such Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement including its Releases, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), and any other applicable law.

6. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated within the time required by 28 U.S.C. § 1715, and that ninety (90) days has passed without comment or objection from any governmental entity.

7. No Settlement Class Members have opted-out of or objected to the Settlement.

8. The Court finds that the Settlement resulted from arm's-length negotiations between Class Counsel and Defendant.

9. The Court hereby finally approves in all respects the Settlement as fair,

reasonable, and adequate, and in the best interest of the Settlement Class.

10. The Court finds that Plaintiff and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

11. The Parties shall consummate the Settlement in accordance with the terms thereof. The Settlement, and each and every term and provision thereof, including its Releases, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

12. The Action is hereby dismissed with prejudice as to all Parties including the Settlement Class and without cost to any party, except as otherwise provided herein or in the Settlement.

13. Upon entry of this Final Order Approving Class Action Settlement and the Final Judgment, Plaintiffs, Class Representatives and each member of the Class, on behalf of themselves and any other legal or natural persons who may claim by, through or under them, agree to fully, finally and forever release, relinquish, acquit, discharge and hold harmless the Released Parties from any and all claims, demands, suits, petitions, liabilities, causes of action, rights, and damages of any kind and/or type regarding the subject matter of the Action, including, but not limited to, compensatory, exemplary, punitive, expert and/or attorneys' fees or by multipliers, whether past, present, or future, mature, or not yet mature, known or unknown, suspected or unsuspected, contingent or non-contingent, derivative or direct, asserted or un-asserted, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim of any kind related arising from, related to, connected with, and/or in any way involving the data security incidents described in the operative complaint.

14. By not excluding themselves from the Action and to the fullest extent they may lawfully waive such rights, all Class Representatives, Plaintiffs and Class Members are deemed <u>to acknowledge and waive the protection of Section 1542 of the Civil Code of the State of California</u> and any law of any state or territory that is equivalent to section 1542. Section 1542

provides that:
> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

15. The Court orders that the Agreement shall be the exclusive remedy for all claims released in the Settlement for all Class Members. Therefore, all Class Members and their representatives are hereby permanently barred and enjoined from, either directly, representatively, or in any other capacity instituting, commencing, filing, maintaining, continuing or prosecuting against any of the Released Parties (as that term is defined in the Agreement) any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action described. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the Settlement and the Actions.

Dated: 6/21/2024

_____
Hon. Hernán D. Vera, U.S.D.J.